HOLLAND & HART LLP
DORA V. LANE (SBN 235113)
dlane@hollandhart.com
S. JORDAN WALSH (SBN 296860)
sjwalsh@hollandhart.com
David K. Crockett (SBN 317816)
5441 K<small>IETZKE</small> L<small>ANE</small>, S<small>UITE</small> 200
R<small>ENO</small>, NV 89511-2094
Telephone:   775.327.3000
Facsimile:    775.786.6179

*Attorneys for Defendant*
*NxEdge MH, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FELIS A. PEREZ, on behalf of himself, all other similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>NXEDGE MH, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:21-cv-10036-WHO<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Demand for Jury Trial: Yes<br><br>Judge: Hon. William H. Orrick |

Defendant NxEDGE MH, LLC ("NxEdge"), by and through their counsel of record, Holland & Hart LLP, in its answer to the First Amended Complaint brought by Plaintiff FELIS A. PEREZ ("Plaintiff" or "Perez"), responds as follows:

## ANSWER

Defendant answers each allegation of the First Amended Complaint ("Complaint") in the form therein presented as follows:

## INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Defendant lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph regarding the current residence of

each of any Doe Defendant. Defendant admits that it is a Delaware limited liability company.

2. Answering Paragraph 2 of the Complaint, Defendant denies the allegations contained in this paragraph.

## PARTIES

3. Answering Paragraph 3 of the Complaint, Defendant lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph regarding Plaintiff's current residence, and on this basis, denies the same. Defendant admits the remaining allegations of Paragraph 3.

4. Answering Paragraph 4 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant the allegations contained in this paragraph.

5. Answering Paragraph 5 of the Complaint, Defendant admits that it is a limited liability company organized and existing under the laws of Delaware. Defendant denies all other allegations in Paragraph 5.

6. Answering Paragraph 6 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

7. Answering Paragraph 7 of the Complaint, this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies allegations in this paragraph.

8. Answering Paragraph 8 of the Complaint, Defendant denies the allegations in this paragraph.

9. Answering Paragraph 9 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

## CLASS ALLEGATIONS

10. Answering Paragraph 10 of the Complaint this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all

allegations in this paragraph.

11. Answering Paragraph 11 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

12. Answering Paragraph 12 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

13. Answering Paragraph 13 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

14. Answering Paragraph 14 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

15. Answering Paragraph 15 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

16. Answering Paragraph 16 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

17. Answering Paragraph 17 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

18. Answering Paragraph 18 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

**STATEMENT OF FACTS**

19. Answering Paragraph 19 of the Complaint, Defendant admits the allegations in this paragraph.

20. Answering Paragraph 20 of the Complaint, Defendant admits that it issued wages to Plaintiff on a biweekly (26 paychecks/year) basis and paid him by the hour. Defendant also admits that it classified Plaintiff as a non-exempt employee, and that Defendant pays its non-exempt employees on an hourly basis. As for the other claims contained in Paragraph 20 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

21. Answering Paragraph 21 of the Complaint, this paragraph, Defendant denies the allegations in this paragraph.

22. Answering Paragraph 22 of the Complaint, Defendant denies the allegations in this paragraph.

23. Answering Paragraph 23 of the Complaint, Defendant denies the allegations in this paragraph.

24. Answering Paragraph 24 of the Complaint, Defendant denies the allegations in this paragraph.

25. Answering Paragraph 25 of the Complaint, Defendant denies the allegations in this paragraph.

26. Answering Paragraph 26 of the Complaint, Defendant denies the allegations in this paragraph.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE REST BREAKS AND MEAL PERIODS**

**(Lab. Code §§ 226.7, 512, and 1198)**

**(By Plaintiff and the Class against all Defendants)**

27. In response to Paragraph 27 of the Complaint, Defendant repeats and realleges its responses set forth above as if set forth fully herein.

28. Answering Paragraph 28 of the Complaint, Defendant admits that during the applicable limitations period Plaintiff was an employee of Defendant. As for the other allegations in Paragraph 28 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this

1  paragraph.

2      29.    Answering Paragraph 29 of the Complaint, Defendant admits that California Labor Code § 1198 reads as noted in Paragraph 29. As for the other claims contained in Paragraph 29 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

    30.    Answering Paragraph 30 of the Complaint, Defendant admits that California Labor Code § 512 reads as noted in Paragraph 30. As for the other claims contained in Paragraph 30 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

    31.    Answering Paragraph 31 of the Complaint, Defendant admits that California Wage Order No. 1, § 12 reads as noted in Paragraph 31. As for the other claims contained in Paragraph 31 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

    32.    Answering Paragraph 32 of the Complaint, Defendant admits that California Wage Order No. 1, § 11 reads as noted in Paragraph 32. As for the other claims contained in Paragraph 32 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

    33.    Answering Paragraph 33 of the Complaint, Defendant admits that California Labor Code § 226.7 reads as noted in Paragraph 33. As for the other claims contained in Paragraph 33 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

    34.    Answering Paragraph 34 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

    35.    Answering Paragraph 35 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

    36.    Answering Paragraph 36 of the Complaint, Defendant denies all allegations in this

1  paragraph.

2  37.  Answering Paragraph 37 of the Complaint, Defendant denies all allegations in this
3  paragraph.

4  38.  Answering Paragraph 38 of the Complaint, Defendant denies all allegations in this
5  paragraph.

6  39.  Answering Paragraph 39 of the Complaint, Defendant denies all allegations in this
7  paragraph.

8  40.  Answering Paragraph 40 of the Complaint, Defendant denies all allegations in this
9  paragraph.

10  41.  Answering Paragraph 41 of the Complaint, Defendant denies all allegations in this
11  paragraph.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES EARNED FOR ALL HOURS WORKED

## (Lab. Code §§ 510, 1194, 1197, and 1198)

## (By Plaintiff and the Class against Defendants)

16  42.  In response to Paragraph 42 of the Complaint, Defendant repeats and realleges its
17  responses set forth above as if set forth fully herein.

18  43.  Answering Paragraph 43 of the Complaint, Defendant admits that, at all relevant
19  times, Plaintiff was a non-exempt employee of Defendant.  As for the other claims contained in
20  Paragraph 43 of the First Amended Complaint, this paragraph states legal conclusions to which no
21  response is required. To the extent that a response is required, Defendant denies all allegations in
22  this paragraph.

23  44.  Answering Paragraph 44 of the Complaint, this paragraph states legal conclusions
24  to which no response is required. To the extent that a response is required, Defendant denies all
25  allegations in this paragraph.

26  45.  Answering Paragraph 45, Defendant admits that California Wage Order Number 1,
27  § 2 defines the terms "Shift" and "Split Shift" as indicated in Paragraph 45. As for the other claims
28  contained in Paragraph 45 of the Complaint, this paragraph states legal conclusions to which no

response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

46. Answering Paragraph 46 of the Complaint, Defendant admits that California Wage Order Number 1, § 3 reads as noted in Paragraph 46. As for the other claims contained in Paragraph 46 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

47. Answering Paragraph 47 of the Complaint, Defendant admits that California Wage Order Number 1, § 4 requires an employer to pay non-exempt employees at least the minimum wage set forth within the Wage Order for all hours worked. As for the other claims contained in Paragraph 47 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

48. Answering Paragraph 48 of the Complaint, Defendant admits that California Labor Code § 510 reads as noted in Paragraph 48. As for the other claims contained in Paragraph 48 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

49. Answering Paragraph 49 of the Complaint, Defendant admits that California Labor Code § 1194 prohibits employers and employees from entering an agreement where the employee would work for less than minimum wage. As for the other claims contained in Paragraph 49 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

50. Answering Paragraph 50 of the Complaint, Defendant admits that California Labor Code § 1197 prohibits employers to employees less than minimum wage for all hours worked in a pay period. As for the other claims contained in Paragraph 50 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

51. Answering Paragraph 51 of the Complaint, Defendant admits that California Labor Code § 1198 prohibits employers from employing employees under conditions that violate

California Wage Order Number 1.

52. Answering Paragraph 52 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

53. Answering Paragraph 53 of the Complaint, Defendant denies all allegations in this paragraph.

54. Answering Paragraph 54 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

55. Answering Paragraph 55 of the Complaint, Defendant denies all allegations in this paragraph.

56. Answering Paragraph 56 of the Complaint, Defendant denies all allegations in this paragraph.

57. Answering Paragraph 57 of the Complaint, Defendant denies all allegations in this paragraph.

58. Answering Paragraph 58 of the Complaint, Defendant denies all allegations in this paragraph.

59. Answering Paragraph 59 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

**(Lab. Code § 226)**

**(By Plaintiff and the Class against all Defendants)**

60. In response to Paragraph 60 of the Complaint, Defendant repeats and realleges its responses set forth above as if set forth fully herein.

61. Answering Paragraph 61 of the Complaint, Defendant admits that during the applicable limitations period Plaintiff was employed by Defendant. As for the other alleged

1  employees, Defendant lacks sufficient knowledge to either admit or deny the allegations in
2  Paragraph 61 of the Complaint, and on this basis denies the same. Defendant also asserts that
3  Paragraph 61 states legal conclusions regarding the application of California Labor Code § 226, to
4  which no response is required. To the extent that a response is required, Defendant denies all
5  allegations in this paragraph.

6        62.    Answering Paragraph 62, Defendant admits that during the applicable limitations
7  period Plaintiff was entitled to receive wage statements in compliance with California Labor Code
8  § 226(a). As for the other alleged employees, Defendant lacks sufficient knowledge to either admit
9  or deny the allegations in Paragraph 62 of the Complaint, and on this basis denies the same.
10 Defendant also asserts that Paragraph 62 states legal conclusions regarding the application of
11 California Labor Code § 226(a), to which no response is required. To the extent that a response is
12 required, Defendant denies all allegations in this paragraph.

13       63.    Answering Paragraph 63 of the Complaint, this paragraph contains legal
14 conclusions to which no response is required. To the extent response is required, Defendant denies
15 all allegation in this paragraph.

16       64.    Answering Paragraph 64 of the Complaint, this paragraph states legal conclusions
17 to which no response is required. To the extent that a response is required, Defendant denies all
18 allegations in this paragraph.

19       65.    Answering Paragraph 65 of the Complaint, this paragraph states legal conclusions
20 to which no response is required. To the extent that a response is required, Defendant denies all
21 allegations in this paragraph.

22       66.    Answering Paragraph 66 of the Complaint, Defendant denies all allegations in this
23 paragraph.

24       67.    Answering Paragraph 67 of the Complaint, Defendant denies all allegations in this
25 paragraph.

26       68.    Answering Paragraph 68 of the Complaint, Defendant denies all allegations in this
27 paragraph.

28       69.    Answering Paragraph 69 of the Complaint, Defendant denies all allegations in this

paragraph.

70.     Answering Paragraph 70 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

## FOURTH CAUSE OF ACTION

## WAITING TIME PENALTIES

## (Lab. Code §§ 201, 202, and 203)

## (By Plaintiff and the Class against all Defendants)

71.     In response to Paragraph 71 of the Complaint, Defendant repeats and realleges its responses set forth above as if set forth fully herein.

72.     Answering Paragraph 72 of the Complaint, Defendant admits that during the applicable limitations period Plaintiff was employed as a non-exempt employee by Defendant. As for the other alleged employees, Defendant lacks sufficient knowledge to either admit or deny the allegations in Paragraph 72 of the Complaint, and on this basis denies the same. Defendant asserts that Paragraph 72 also states legal conclusions, to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

73.     Answering Paragraph 73 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

74.     Answering Paragraph 74 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

75.     Answering Paragraph 75 of the Complaint, Defendant denies all allegations in this paragraph.

76.     Answering Paragraph 76 of the Complaint, Defendant denies all allegations in this paragraph.

77.     Answering Paragraph 77 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all

allegations in this paragraph.

78. Answering Paragraph 78 of the Complaint, Defendant denies all allegations in this paragraph.

79. Answering Paragraph 79 of the Complaint, Defendant denies all allegations in this paragraph.

80. Answering Paragraph 80 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

## FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION

## (Bus. & Prof. Code §§ 17200, et seq.)

## (By Plaintiff and the Class against all Defendants)

81. In response to Paragraph 81 of the Complaint, Defendant repeats and realleges its responses set forth above as if set forth fully herein.

82. Answering Paragraph 82 of the Complaint, Defendant admits that during the applicable limitations period Plaintiff was employed by Defendant. As for the other alleged employees, Defendant lacks sufficient knowledge to either admit or deny the allegations in Paragraph 82 of the Complaint, and on this basis denies the same. Defendant asserts that Paragraph 82 also states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

83. Answering Paragraph 83 of the Complaint, Defendant denies all allegations in this paragraph.

84. Answering Paragraph 84 of the Complaint, Defendant denies all allegations in this paragraph.

85. Answering Paragraph 85 of the Complaint, Defendant denies all allegations in this paragraph.

86. Answering Paragraph 86 of the Complaint, Defendant denies all allegations in this paragraph.

## SIXTH CAUSE OF ACTION

## CIVIL PENALTIES

### (By Plaintiff and the Class against all Defendants)

87. In response to Paragraph 87 of the Complaint, Defendant repeats and realleges its responses set forth above as if set forth fully herein.

88. Answering Paragraph 88 of the Complaint, this paragraph states legal conclusions, to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

89. Answering Paragraph 89, Defendant admits that California Labor Code § 226.7204 reads as noted in Paragraph 89. As for the other claims contained in Paragraph 89 of the Complaint, Defendant asserts that Paragraph 89 states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

90. Answering Paragraph 90 of the Complaint, Defendant admits that it pays its employees on regular intervals. Defendant denies all other allegations in this paragraph.

91. Answering Paragraph 91, Defendant denies all allegations in this paragraph.

92. Answering Paragraph 92, Defendant admits that California Labor Code § 2699(a) and (g) authorize aggrieved employees to bring civil actions to recover civil penalties pursuant to California Labor Code § 2699.3. As for the other claims contained in Paragraph 92 of the Complaint, Defendant asserts that Paragraph 92 states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

93. Answering Paragraph 93, Defendant denies all allegations in this paragraph.

94. Answering Paragraph 94, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies all allegations in this paragraph.

95. Answering Paragraph 95 of the Complaint, Defendant denies all allegations in this paragraph.

12
ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 5:21-CV-10036-WHO

Any and all other allegations that have not been specifically admitted are expressly denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof except where required by law, and without waiver of its right to seek leave or stipulation to assert additional affirmative defenses, Defendant further asserts the following affirmative defenses.

The term "Named Plaintiff" refers to the named Plaintiff in this action, Felis A. Perez. The term "Plaintiffs" includes Named Plaintiff and any member of any putative class or representative group on whose behalf he seeks to bring the claims in the Complaint. If the Court certifies a class in this case and/or allows claims to proceed on a representative or collective basis, to which Defendant objects, Defendant asserts the affirmative defenses set forth herein as to each and every member of any such class and/or representative or collective group.

1. Named Plaintiffs' Complaint, and each and every cause of action therein, is barred by the applicable statute(s) of limitation, including but not limited to: Code of Civil Procedure sections 338(a), 340(a); and Business & Professions Code section 17208.

2. Plaintiffs' claims are barred on the ground that the Complaint, and all causes of action therein, fail to state a claim upon which relief may be granted against Defendant.

3. Named Plaintiff's allegations are barred as a matter of law because Named Plaintiff lacks standing, and thus, cannot represent the interests of the Plaintiffs as to each purported cause of action in the Complaint.

4. Named Plaintiff's Complaint, and each and every cause of action alleged therein, is barred on the ground that at least some Plaintiffs have executed and/or are subject to a legally enforceable compromise and/or release of claims asserted in the Complaint.

5. Plaintiffs' claims are barred by Named Plaintiff's failure to exhaust internal, contractual, statutory, regulatory, and administrative grievance procedures, including but not limited to the procedures required by Cal. Labor Code section 2699.3.

6. Plaintiffs are estopped by their conduct from recovering any relief sought in the Complaint, or in any purported cause of action alleged therein.

7. By their words and/or conduct, Plaintiffs have waived any right to recover any relief

1  sought in the Complaint, or in any purported cause of action alleged therein.

2      8.    Plaintiffs' claims are barred by the doctrine of unclean hands.

3      9.    Plaintiffs' claims are barred by the doctrines of accord and satisfaction.

4      10.    Plaintiffs' claims are barred by the doctrine of avoidable consequences.

5      11.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knowingly submitted to, consented to, and acquiesced in the actions alleged in the Complaint.

7      12.    If the injuries and/or alleged damages in the Complaint occurred at all, such injuries and/or alleged damages were caused by and/or contributed to by Plaintiffs' own acts, omissions and/or failures to act.

10      13.    The harm allegedly suffered by Plaintiffs was proximately caused by persons or entities other than Defendant.

12      14.    This suit may not be properly maintained as a class action because Named Plaintiff has failed to plead, and cannot establish, *inter alia*, (1) an ascertainable class; (2) that a class action is the superior or an appropriate method for fair and efficient adjudication of the claims in the Complaint; (3) that common issues of fact and/or law predominate; (4) that Named Plaintiff's claims are representative or typical of the claims of the putative class; (5) that Named Plaintiff is a proper class representative; (6) that Named Plaintiff and his counsel will adequately represent the interests of the class; (7) that there is a well-defined community of interest in the questions of law or fact affecting Named Plaintiff and the members of the putative class; and/or (8) that the class is sufficiently numerous for class treatment and/or such that joinder is impractical. Additionally, certification is improper because there are conflicting interests among members of the putative class.

23      15.    Plaintiff's representative claims are barred because such claims are unmanageable, including due to a prevalence of individualized factual and legal issues and because they would require the testimony at trial of, and individualized evidence as to, each of the persons on whose behalf civil penalties and other relief is sought, in order for there to be recovery of penalties and other relief on any such persons' behalf.

16.     Plaintiff's purported PAGA cause of action is barred to the extent Plaintiff seeks penalties beyond the "initial" violation described in California Labor Code § 2699 and/or any other applicable California Labor Code provision.

17.     Named Plaintiff does not and cannot fairly and adequately protect the interests of the putative class and/or other representative and collective groups alleged in the Complaint.

18.     Named Plaintiff is not a proper or adequate representative with respect to the claims and relief sought pursuant to California Labor Code §§ 2698, et seq. (California Labor Code Private Attorneys General Act of 2004).

19.     Named Plaintiff's claims pursuant to the California Labor Code Private Attorneys General Act of 2004 cannot proceed on a representative basis because Named Plaintiff is not an "aggrieved employee."

20.     As to any penalties available to Plaintiffs under the California Labor Code Private Attorneys General Act of 2004, the Court should exercise its discretion in imposing such penalties, pursuant to Cal. Lab. Code § 2699(e)(1), including by declining to impose them.

21.     Any penalties available to Plaintiffs under the California Labor Code Private Attorneys General Act of 2004 are subject to reduction pursuant to Cal. Lab. Code § 2699(e)(2), on the grounds that awarding the maximum available penalty would be unjust, arbitrary and oppressive, and confiscatory.

22.     The penalties sought by Named Plaintiff pursuant to PAGA are barred to the extent PAGA is unconstitutional, in that it violates, among other things, Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

23.     Adjudication of Plaintiffs' claims through generalized class-wide or representative proof would violate Defendant's rights to due process and trial by jury, guaranteed by the United States and California Constitutions.

24.     To the extent the Court declines (in whole or in part) to certify a class, the maintenance of non-certified claims or derivative claims related thereto as "representative" actions would violate the Due Process Clauses of the United States and California Constitutions by

1  authorizing actions to be brought on a collective/representative basis without the requirements for
2  class certification having been met.

3      25.    The acts and/or omissions of the unnamed "Doe" defendants of which Named
4  Plaintiff complains were all undertaken outside the scope of such defendants' agency and/or
5  employment with this answering Defendant, and were undertaken without the knowledge or
6  consent of this answering Defendant, and this answering Defendant may not be held liable for such
7  acts and/or omissions.

8      26.    Plaintiffs were paid all wages due to them on a timely basis.

9      27.    Defendant has not willfully failed to pay any wages or monies claimed due, and
10 there is a good faith dispute regarding Defendant's obligation to pay any sum that may be alleged
11 to be due.

12     28.    Defendant's alleged conduct toward Plaintiffs, including but not limited to with
13 regard to compensation, provision of meal and rest periods, and furnishing of wage statements, for
14 which Defendant expressly denies liability, was at all times justified and undertaken in a good faith
15 belief that Defendant was in full compliance with the law.

16     29.    Named Plaintiff's causes of action, and the causes of action on behalf of putatively
17 represented individuals, are barred because the alleged acts and/or omissions that triggered such
18 liability, if any, were not authorized, suffered, or permitted by Defendant and/or occurred without
19 Defendant's knowledge, consent, or control.

20     30.    Any recovery on Named Plaintiff's Complaint or any cause of action therein related
21 (directly or indirectly as a derivative claim) to unpaid time worked, including overtime, is barred
22 on the ground that any such time worked was unauthorized by Defendant, was performed without
23 Defendant's consent, and was performed without Defendant's actual or constructive knowledge.

24     31.    Pursuant to applicable law, the time Plaintiffs claim was not paid is excludable from
25 compensable time worked.

26     32.    Plaintiffs' claims are barred, in whole or in part, by their failure to properly report
27 or document their time worked.

28     33.    Plaintiffs did not suffer any injury as a result of a knowing and intentional failure

to comply with Cal. Lab. Code § 226(a).

34. Plaintiffs' claims pursuant to Cal. Lab. Code § 226 are barred on the ground that any violations of such statute by Defendant were not knowing and/or intentional.

35. The claims in the Complaint are barred by Plaintiffs' failure to mitigate damages and/or losses.

36. Plaintiffs cannot establish any right to monetary relief, or, if any, the monetary relief available is *de minimis* and therefore not actionable.

37. Any amounts that Named Plaintiff claims are owed to him and/or other Plaintiffs are offset to the extent there are amounts owed to Defendant by any of the Plaintiffs.

38. To the extent that Plaintiffs were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

39. Plaintiffs' claims for "waiting time" penalties pursuant to § 203 of the California Labor Code are barred because the wages Named Plaintiff claims were not paid upon separation from employment were subject to a good faith dispute of fact or law as to whether such wages were owed.

40. Plaintiffs' claims for liquidated damages, including pursuant to Cal. Lab. Code § 1194, are barred because at all times Defendant was acting in good faith and had reasonable grounds for believing that its acts and/or omissions were lawful, and were not violations of any provision of the Labor Code, or of any applicable order of the California Industrial Welfare Commission, including with regard to minimum wage.

41. The standard of liability under Cal. Bus. & Prof. Code §§ 17200 (Unfair Competition Law) is vague and subjective, and permits retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

42. Plaintiffs' claims for relief pursuant to Cal. Bus. & Prof. Code §§ 17200 (Unfair Competition Law) are barred as to any and all alleged violations that have discontinued, ceased, and are not likely to reoccur.

43. Plaintiffs' claims for restitution pursuant to Cal. Bus. & Prof. Code §§ 17200

(Unfair Competition Law) are a disguised and impermissible form of damages.

44. Recovery by Plaintiffs of any amounts sought in this action would constitute unjust enrichment.

45. Plaintiffs' claims for restitution pursuant to Cal. Bus. & Prof. Code §§ 17200 (Unfair Competition Law) are barred on the ground that Defendant has not been unjustly enriched as a result of any of the alleged acts and/or omissions in the Complaint.

46. Plaintiffs' claims for restitution under Cal. Bus. & Prof. Code §§ 17200, et seq. (Unfair Competition Law) are barred by the "excessive fines" clauses of the Eighth Amendment to the United States Constitution and Article I, Section 17 of the California Constitution.

47. Plaintiffs' claims for penalties must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003) and subsequent/related case law.

48. Plaintiffs' claims for penalties are barred by the due process clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 15 of the California Constitution.

49. Even if actionable violations of the Labor Code and other laws occurred as alleged (which they did not), neither Named Plaintiff nor the putatively represented individuals are entitled to all forms and amounts of relief that Plaintiffs seek.

50. Defendant reserves the right to seek contribution or indemnification from other parties whose actions contributed to or caused the harm allegedly suffered by Plaintiffs, which harm is specifically denied.

51. Defendant alleges that the Complaint and each purported cause of action alleged therein should be abated in the Court's discretion, and Plaintiffs should be forced to pursue their claims with the California Division of Labor Standards Enforcement, which has primary jurisdiction over Plaintiffs' claims. This defense is asserted without any admission or waiver as to Defendant's defenses, asserted elsewhere in this answer.

52. Defendant alleges that the Complaint and each purported cause of action alleged therein should be abated in the Court's discretion, and Plaintiffs should be forced to pursue their administrative remedies with the California Division of Labor Standards Enforcement, which has

primary jurisdiction over Plaintiffs' claims. This defense is asserted without any admission or waiver as to Defendant's defenses, asserted elsewhere in this answer.

Defendant expressly reserves the right to seek leave to amend this answer and to assert additional defenses, and to supplement, alter, or change this answer and defenses upon revelation of more definitive facts by Plaintiffs and upon Defendant's undertaking of discovery and investigation of this matter. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

**WHEREFORE**, this answering Defendant prays as follows:

1. That Plaintiff take nothing by his complaint for damages and/or penalties;
2. That Plaintiff's complaint herein be dismissed in its entirety with prejudice;
3. That Defendant recover its costs of suit herein, including its reasonable attorneys' fees incurred in defense of this action pursuant to Labor Code section 218.5, as permitted by law, and/or other applicable statutes; and
4. That the Court award such other and further relief as it deems appropriate.

Dated:   January 3, 2022                         HOLLAND & HART LLP

By:   *Dora Lane*
          Dora V. Lane

          *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of January, 2022, I caused to be served a true and correct copy of the foregoing by electronic transmission to the parties on electronic file and/or depositing same in the United States mail, first class postage fully prepaid to the persons and addresses listed below:

David G. Spivak
Maya Cheaitani
The Spivak Law Firm
16530 Ventura Blvd., STE 203
Encino, CA 91436
Phone: (213) 725-9094
Fax: (213) 634-2485
david@spivaklaw.com
maya@spivaklaw.com
emily@spivaklaw.com
perezvnxedgeincZ9779250@projects.filenv.com

Walter Haines (SBN 71075)
UNITED EMPLOYEES LAW GROUP
4276 Katella Ave, #301
Los Alamitos, CA 90720
Telephone: (562) 256-1047
Facsimile: (562) 256—1006
whaines@uelglaw.com

*Attorneys for Plaintiff*

/s/ *Amanda Sanchez*
Amanda Sanchez, Holland & Hart, LLP

18011286_v2