UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIS A PEREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NXEDGE MH, LLC,<br><br>　　　　　Defendant. | Case No. 3:21-cv-10036-WHO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 13 |

Plaintiff Felis Perez moves to remand this putative wage-and-hour class action to state court. Because defendant NxEdge MH, LLC ("NxEdge") has failed to show that more than $75,000 is in controversy, the motion is GRANTED and the case is REMANDED.

## BACKGROUND

Perez, a citizen of California, worked for NxEdge, a limited liability corporation that is a citizen of Delaware. *See* Amended Complaint ("Compl.") [Dkt. No. 1-10] ¶ 3; Notice of Removal ("Not.") [Dkt. No. 1] ¶¶ 14–15.[1] According to Perez, NxEdge violated the California Labor Code by, among other things, failing to compensate him and other employees for all hours worked, provide them meal and rest breaks, and provide them accurate wage statements. Compl. ¶¶ 19–95. He also brings derivative claims for unfair competition. *See id.*

In September 2021, Perez filed a suit in state court on behalf of himself and others similarly situated. Dkt. No. 1-1. In November 2021, he filed an amended complaint in state court. NxEdge removed the case to this court in December 2021. *See* Not. Perez now moves to remand.

---

[1] Perez originally alleged that NxEdge was also a citizen of California, but NxEdge's notice of removal states—and is accompanied by evidence to support—that it is solely a citizen of Delaware. Perez does not contest its Delaware citizenship or seek remand on that basis.

**LEGAL STANDARD**

Generally, a case can be removed from state to federal court only when the federal court would have had original jurisdiction over it. 28 U.S.C. § 1441(a). The defendant has the burden of establishing federal subject matter jurisdiction. *See Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). Removability is "generally determined as of the time of the petition for removal." *Local Union 598, Plumbers & Pipefitters Industry Journeymen & Apprentices Training Fund v. J.A. Jones Constr. Co.*, 846 F.2d 1213, 1215 (9th Cir. 1988).

Under 18 U.S.C. § 1332(a)(1), federal diversity jurisdiction exists when each plaintiff is a citizen of a different state from each defendant and the amount in controversy exceeds $75,000. Natural persons are the citizens of the state in which they are domiciled—that is, the state in which they reside with intent to remain permanently. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In making this assessment, courts consider factors including "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

Generally, "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). But, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego v. The Dow Chem. Co.*, 443 f.3d 676, 683 (9th Cir. 2006). And if the plaintiff does contest the notice of removal's allegation, "removal is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 88 (quoting 28 U.S.C. § 1446(c)(2)(b) (internal quotation marks and

alterations omitted).

**DISCUSSION**

Perez argues that NxEdge has failed to show that the amount in controversy exceeds $75,000. *See* Motion to Remand ("Mot.") [Dkt. No. 13]. His leading argument is that NxEdge's figure impermissibly relies on so-called "subsequent" violations under California's Private Attorneys General Act ("PAGA"). *See id.* 3–5. NxEdge calculates its amount in controversy by treating every violation alleged in the Complaint except the first as a subsequent violation. A "subsequent" violation under PAGA comes with a heightened penalty, but it only occurs after the employer is *notified* that it is violating the Labor Code. *See Bernstein v. Virgin Am., Inc.*, 3 F.4th 1127, 1144 (9th Cir. 2021); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1209 (2008).

Here, the complaint does not allege an amount in controversy and Perez contests NxEdge's asserted amount, so NxEdge must establish the amount in controversy by a preponderance of the evidence. *Dart*, 574 U.S. at 88. But NxEdge has presented no evidence of when it was notified that it was violating the Labor Code, let alone that this notice was sufficient to impose heightened civil penalties. Indeed, some courts have held that the "notification" must come either from the Labor Commissioner or a court. *See Trang v. Turbine Engine Components Techs. Corp.*, No. CV 12-07658 DDP RZX, 2012 WL 6618854, at *5 (C.D. Cal. Dec. 19, 2012). And the Ninth Circuit appears to have endorsed that view. *Bernstein*, 3 F.4th at 1144 ("Virgin was not notified by the Labor Commissioner or any court that it was subject to the California Labor Code."). Regardless of what type of notice is required, NxEdge does not point to *any* notifying event that demarcates the moment after it would have been subject to heightened penalties.

In these circumstances, a number of district courts have excluded a defendant's calculation of subsequent penalties from the amount in controversy and treated the violations as normal, initial violations. *See, e.g.*, *Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1067 (N.D. Cal. 2018) (Gonzalez Rogers, J.); *Trang*, 2012 WL 6618854, at *5. Other courts have included the full possible subsequent penalties. *See, e.g.*, *Flores v. Marriott Resorts Hosp. Corp.*, No. CV188012JVSJPRX, 2019 WL 1069528, at *4 (C.D. Cal. Jan. 7, 2019). But these latter courts have often done so on the assumption that it is appropriate, not in the face of an argument that it is

3

not. *See, e.g.*, *Higginbotham v. S. E. Emp. Leasing Servs., Inc*, No. 2:20-CV-00575-KJM-DB, 2020 WL 5535421, at *4 (E.D. Cal. Sept. 15, 2020) ("For purposes of the motion only, the court assumes the higher subsequent violation amount applies in each instance."). I conclude that counting these violations as subsequent would improperly take into account speculative possibilities, rather than what the defendant has *shown* is in controversy, so I follow the former approach. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture.").

NxEdge's only counterargument relies on Perez's own pleading. It argues that Perez alleges that *all* of the violations in the Complaint will be subject to subsequent penalties. *See* Opposition to the Mot. ("Oppo.") [Dkt. No. 14] 4–7. NxEdge overreads the Complaint. All that the cited paragraphs say are that Perez is entitled to non-heightened penalties for initial violations and heightened penalties for subsequent violations. *See* Compl. ¶ 93A–F. That does not state or imply that *every* alleged violation qualifies as a subsequent violation; it just recites the legal truism that plaintiffs get non-heightened penalties for initial violations and heightened penalties for subsequent ones.

For the reasons explained, NxEdge has not shown that any alleged violation would lead to subsequent penalties. Nor does it offer a date—and supporting evidence—after which violations would start to qualify as subsequent. As a result, for jurisdictional amount-in-controversy purposes, none of the violations have been shown to be worth a heightened penalty. *See Steenhuyse*, 317 F. Supp. 3d at 1067. Once the heightened penalties are removed from NxEdge's calculation (and replaced with non-heightened penalties), it is $56,326.66.[2] Even assuming NxEdge is correct about its remaining calculations—many of which Perez disputes—that amount is below the more-than-$75,000 threshold.

---

[2] This figure comes from the following calculations. NxEdge calculates that, with all heightened penalties except the first, the penalties that the parties dispute amount to $50,500. *See* Oppo. 9. Perez calculates that, with all non-heightened penalties, the penalties that the parties dispute amount to $17,850. *See* Mot. 7. The parties agree that there are undisputed penalties of $16,220. *See id.*; Oppo. 10. And NxEdge would add $22,256.66 in attorney's fees (a figure that Perez contests). Even assuming those attorney's fees are correct, that leaves $56,326.66 as the sum of the undisputed penalties, the alleged attorney's fees, and Perez's calculation of initial penalties.

**CONCLUSION**

The motion to remand is GRANTED.  This case is remanded to the California Superior Court for the County of Santa Clara.

**IT IS SO ORDERED.**

Dated: March 9, 2022



William H. Orrick
United States District Judge